UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In the Matter of :
:
FRANK TEIXEIRA, as Owner of the M/V : C.A. No. 19-602JJM
AT LAST (O.N. 1254100), a 28' True :
World Marine Vessel bearing Hull :
Identification Number TZ028887I405, for :
Exoneration from or Limitation of Liability, :
                 Plaintiff. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      Pending before the Court is Plaintiff Frank Teixeira's motion (ECF No. 3) for order directing issuance of notice and restraining suits, which is supported by his Verified Complaint (ECF No. 1) for exoneration from or limitation of liability pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501-30512 and Fed. R. Civ. P. Supp. F, as well as Local Admiralty Rule F(1). He seeks exoneration from liability for any and all death, injuries, damages and losses of any kind arising from an incident onboard the M/V AT LAST ("the vessel") on the waters of Narragansett Bay on August 11, 2019, as well as any other claimed losses incurred by others that have been and/or may hereafter be made; he avers that he has valid defenses on the facts and the law. ECF No. 1 at 3 ¶ 19. Plaintiff's Verified Complaint asserts that the post-casualty value of the vessel is $63,000 with no freight, based on the declaration of a marine surveyor; Plaintiff has also filed a stipulation of security for that amount plus costs and interest in the total amount of $71,560 in compliance with Local Admiralty Rule F(1). ECF No. 1-2, 1-3.

Based on these submissions, Plaintiff's motion asks the Court to issue an injunctive order, which he will serve by mail or by hand on the persons to be enjoined, ceasing and enjoining all lawsuits, causes of action and claims against Plaintiff and his property arising from the August 11, 2019, incident except for this action. He also asks the Court to direct the Clerk to issue a notice to claimants to be published in the Newport Daily News and to be mailed in accordance with Fed. R. Civ. P. Supp. F(4). He further asks the Court to set a bar date with the admonishment to all persons asserting claims that they must file their respective claims, including the claim of any person contesting the right of exoneration or limitation of liability, with the Clerk in writing and to serve Plaintiff's attorney by the bar date or be defaulted.

The motion has been referred to me; I address it by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See Seldon v. Lehman Bros., Inc., No. 09–13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010) ("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief."). For the reasons that follow, I recommend that the relief sought by Plaintiff in the complaint be granted.

## I. BACKGROUND

Plaintiff is the owner of the vessel. On August 11, 2019, he was operating the vessel in the waters of Narragansett Bay in the vicinity of the Newport Bridge at the same time and area as Sandra Tartaglino ("Ms. Tartaglino") was operating the S/V UNNAMED, a Formula 18 Catamaran ("the catamaran"). The vessel and the catamaran collided, and Ms. Tartaglino died as a result of the collision. Plaintiff asserts that at all material times prior to the incident the vessel and its appurtenances were seaworthy, tight, staunch, strong and fit, and that he operated and utilized the vessel in a seaworthy fashion. He also maintains that the collision and any and all

death, injuries, damages and losses claimed to have resulted therefrom, were not caused or contributed to by any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the vessel or Plaintiff. Alternatively, if any of the above is found to have been the case, Plaintiff alleges that it was occasioned and incurred without the privity or knowledge of Plaintiff and/or was the fault of third parties for which he is not responsible. See generally ECF No. 1.

Plaintiff does not know the total amount of the claims that may be made for death, injuries, damages and losses that resulted from the collision. He expects that formal claims based on those injuries, damages and losses will be presented in due course and that the total claims will exceed the limitation fund. Based on a valuation signed by an accredited marine surveyor attached to the complaint, the vessel has a post-casualty value of $63,000.00. ECF No. 1-2. As security for the vessel's value, plus costs and interest, Plaintiff has filed with the Court a signed stipulation from his surety, Geico Marine Insurance Company. ECF No. 1-3.

## II. LAW AND ANALYSIS

Under the Limitation Act, the owner of a vessel may limit his liability to the value of the vessel and pending freight for "any loss, damage, or injury by collision . . . done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b). The procedural requirements for bringing such action are found in the Fed. R. Civ. P. Supp. F for Admiralty or Maritime Claims. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001). The owner of a vessel must bring the action in federal district court seeking exoneration from or limitation of liability "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). When the action is filed, the owner of the vessel

> shall . . . deposit with the court, for the benefit of claimants - (A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved

> security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 U.S.C. §§ 30501 et seq.].

Id. § 30511(b)(1). In addition to this security requirement, pursuant to Fed. R. Civ. P. Supp. F(1), the plaintiff "shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P. Supp. F(1). Local Admiralty Rule F(1) for the District of Rhode Island requires that "[t]he amount of security for costs under Supplemental Rule F(1) shall be $1,000, and security for costs may be combined with security for value and interest unless otherwise ordered." LAR F(1). If a claimant wishes to challenge the sufficiency of the security "on the ground that [it is] less than the value of the plaintiff's interest in the vessel and pending freight," such claimant may, upon motion, demand that the deposited funds be increased. Fed. R. Civ. P. Supp. F(7).

Once an owner has complied with Fed. R. Civ. P. Supp. F(1) and has deposited the appropriate security with the Court, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Fed. R. Civ. P. Supp. F(3); 46 U.S.C. § 30511(c). Fed. R. Civ. P. Supp. F(3) provides that the Court shall, upon motion by the owner seeking limitation, "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. Supp. F(3). See In re Paradise Holdings, Inc., 795 F.2d 756, 761 (9th Cir. 1986) (district court has broad discretion in issuance of injunction under Fed. R. Civ. P. Supp. F(3)). Supplemental Rule F(4) provides that the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their claims with the clerk and to serve them on the attorneys for the plaintiff on or before a bar date to be named in a notice, which shall be published in such newspaper as the Court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. In addition, not

later than the day of second publication, the plaintiff must mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death like this one, a copy of the notice shall be mailed to the decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death. Fed. R. Civ. P. Supp. F(4). After proper notice has been given, "the court, sitting without a jury, adjudicates the claims," and "[t]he court then determines whether the owner may limit liability." Id.

I find that Plaintiff's Verified Complaint, declaration of a marine surveyor and stipulation of security comply with the requirements of the Limitation of Liability Act and Fed. R. Civ. P. Supp. F. Plaintiff filed his complaint on November 19, 2019, within six months of the August 11, 2019, collision and there is currently a pending Rhode Island DEM/Division of Law Enforcement action. ECF No. 3 at 1. He has asserted facts that demonstrate his lack of "privity or knowledge" of any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect or lack of reasonable care by or on the part of the vessel or Plaintiff that might have contributed to the alleged injuries, damages and losses, asserting a total lack of responsibility. ECF No. 1 at 3 ¶ 14; see In re Middlesex, 132 F. Supp. 3d 233, 238 (D. Mass. 2015). He has proffered evidence that the vessel has a post-casualty constructive total loss value of $63,000 and has provided security for that value, plus security for interest and costs based on the court-approved amount consistent with the requirements of Fed. R. Civ. P. Supp. F(1) and Local Admiralty Rule F(1). See ECF No. 1-3 at 1-2.

Based on the foregoing, I recommend that the Court order that all lawsuits, causes of action, and claims against Plaintiff and his property arising or resulting from the collision

between his vessel and the catamaran on August 11, 2019, shall cease pursuant to 46 U.S.C. § 30511(c) and Fed. R. Civ. P. Supp. F(3).  In addition, pursuant to Fed. R. Civ. P. Supp. F(4), I recommend that the Court direct issuance of notice to all persons asserting claims with respect to the August 11, 2019, collision.

## III.  CONCLUSION

Based on the foregoing, I recommend as follows:

- That this Court forthwith issue an Order Directing Issuance of Notice and Restraining Suits, which shall be based on the form appended to Plaintiff's motion as Exhibit A (ECF No. 3-1), provided that the bar date to be included in paragraph 2 of the said Order shall be set by the Court by incorporating the date that is sixty days following the Court's adoption of this report and recommendation;

- That, pursuant to Fed. R. Civ. P. Supp. F(4), the Clerk shall be directed to issue a notice based on the form appended to Plaintiff's motion as Exhibit B (ECF No. 3-2), but including the bar date set by the Court, to all persons asserting claims with respect to this incident admonishing them that they will be defaulted unless they file their respective claims on or before the bar date; such claims must be filed with the Clerk of the United States District Court for the District of Rhode Island, with a copy served on Plaintiff's attorney, Kirby L. Aarsheim, Farrell Smith O'Connell, LLP, 55 Pine Street, Second Floor, Providence, Rhode Island, 02903;

- That, pursuant to Fed. R. Civ. P. Supp. F(4), the notice shall be published in the Newport Daily News once a week for four successive weeks prior to the date fixed for filing claims, and Plaintiff shall mail a copy of the notice, by the day of the second publication, to every person known to have made any claims against the vessel or Plaintiff arising out of the collision on August 11, 2019.  In addition, because this is a case involving death, Plaintiff shall mail a copy of the notice to Ms. Tartaglino at the decedent's last known address and also to any person who shall be known to have made any claim on account of Ms. Tartaglino's death.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.

See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 16, 2019